
FILED
JUN 29 2011
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| TYRONE EVERETT PAYNE, | ) | Cause No. CV 11-42-M-DWM-JCL |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| WARDEN MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) | |
| Respondent. | ) | |

On March 10, 2011, Petitioner Tyrone Payne moved to proceed in forma pauperis with this action for a writ of habeas corpus under 28 U.S.C. § 2254. Payne is a state prisoner proceeding pro se.

Payne was ordered to show cause why his first claim, alleging that the evidence was not sufficient to support his conviction, should not be dismissed with prejudice as procedurally defaulted because he did not cite federal authority in support of the claim on direct appeal. He responded that he "simply did not know the federal

1



authorities he now relies [sic] until completion of his direct appeal. Nor did he know them, beforehand, to advise his state appellate counsel." Resp. to Order to Show Cause (doc. 24) at 2.

These statements contain an assertion that state appellate counsel did not himself know the relevant federal authority, though of course it is counsel's duty to know and present the law, not Payne's. Another of Payne's submissions, see Fifth Notice of Supp. Authority (doc. 19) at 2, makes clear that he believes Lambert v. California, 355 U.S. 225, 229-30 (1957), should lead to vacatur of his conviction because it requires more notice than the knowledge of the law with which everyone is charged to support a conviction for a passive offense like failure to register – and the State did not present that evidence at trial. Ergo, Payne's response is an assertion that counsel on direct appeal was ineffective. Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).

It remained unclear whether Payne meant to assert ineffective counsel solely as an excuse for his procedural default on direct appeal, or as an independent claim, or both. He was ordered to clarify. Payne responded on June 21, 2011. He states that he asserts ineffective assistance of counsel "[a]s a legitimate excuse, only, not an independent claim." Resp. to Order (doc. 26) at 1.

A claim of ineffective assistance of counsel must be exhausted in the state

courts before it can be considered by a federal court, either as a legitimate excuse for procedural default or as an independent claim for relief. Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000). Had Payne asserted ineffective assistance as an independent claim, his petition would have been "mixed," that is, it would have contained one unexhausted and two exhausted claims. Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), the petition would have been recommended for dismissal without prejudice to refiling in this Court once all claims were exhausted. Dismissal would be appropriate because there could not be any good cause for Payne's premature filing in federal court in March 2011 – before all of his claims for relief had been fairly presented to the state courts, and before his federal limitations period even commenced. Rhines v. Weber, 544 U.S. 269, 277 (2005). And Payne would not be prejudiced by dismissal. His conviction did not even become final until May 30, 2011, two and half months after he filed his federal petition. The one-year federal limitations period is tolled while a properly filed postconviction petition is pending in the state courts. 28 U.S.C. § 2244(d)(2). In addition, a second federal petition, if filed after the first petition was dismissed for lack of exhaustion, is not "second or successive" within the meaning of 28 U.S.C. § 2244(b). Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

But Payne's petition contains only two claims. One claim, the Crawford claim,

appears to have been fairly presented and so exhausted. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008). The other claim, challenging the sufficiency of the evidence, was not fairly presented because Payne cited no federal law to support it on direct appeal, although he could and should have done so. Montana law does not permit relitigation in collateral proceedings of claims that could and should have been raised on direct appeal. Mont. Code Ann. § 46-21-105(2), (3) (2009). Therefore, the sufficiency of the evidence claim is deemed exhausted because it cannot be re-presented in the state courts. But it is procedurally defaulted, because the state courts never had the opportunity to consider the claim under federal law. Smith v. Baldwin, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc). Thus, both claims in Payne's petition are exhausted.

The Ninth Circuit has held that a state habeas petitioner is not required to show good cause before a federal court may stay a petition containing only exhausted claims. King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009). Two factors, however, counsel against the application of that rule in this case.

First, in Edwards, the Supreme Court said, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." 529 U.S. at 451 (emphases in original). And the prisoner in that case, like Payne, was not pleading ineffective assistance of

counsel as a ground for relief but only as cause to excuse a procedural default of another claim. Although initially the Court believed a stay would be appropriate if Payne's petition was not mixed, a rereading of Edwards shows that it does not matter whether Payne intends his claim as a ground for relief or cause to excuse procedural default. Under Edwards, ineffective assistance of counsel adequate to serve as cause "is," 529 U.S. at 451, an independent federal claim. Therefore, Payne presents one unexhausted and two exhausted claims, regardless of whether he asks for relief on the unexhausted claim.

Second, in King, the court reasoned that a district court retains *discretion* to stay a fully exhausted habeas petition while a state prisoner returns to state court to exhaust additional claims. In Rhines, the Court said, "[d]istrict courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion. AEDPA does not deprive district courts of that authority, but it does circumscribe their discretion." 544 U.S. at 276 (internal citations omitted). In any given habeas case, therefore, while a stay may be available, it is appropriate only if it is "compatible with AEDPA's purposes." Id. In King, the court exhaustively considered whether a stay would have defeated any of AEDPA's goals and concluded it would not. 564 F.3d at 1140-43.

Here, by contrast, staying the federal petition would "undermine[] AEDPA's

goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Under Montana law, claims of ineffective assistance of trial or appellate counsel may be presented on direct appeal if "the record fully explains why counsel took, or failed to take, a particular course of action," State v. Meredith, 226 P.3d 571, 579 ¶ 51 (Mont. 2010), or if the action in question is "an obligatory, and therefore non-tactical, action," Hans v. State, 942 P.2d 674, 682 (Mont. 1997), or if "there is no plausible justification for what defense counsel did," State v. Kougl, 97 P.3d 1095, 1098 ¶ 15 (Mont. 2004) (internal quotation marks omitted). Because the record developed in court does not show the myriad items of information defense counsel may learn in the investigation and preparation of a case for trial, "[c]laims involving omissions of trial counsel frequently are ill-suited for direct appeal." State v. Taylor, 208 P.3d 422, 427 ¶ 27 (Mont. 2009).

Claims of ineffective assistance of counsel are perhaps the most frequently raised claims in federal habeas law. Although it is more common to see them raised as grounds for relief, no small number of cases also involve ineffective assistance of counsel as cause for procedural default. To grant a stay in this case would only invite each person convicted in Montana to file a federal habeas petition immediately after the denial of a direct appeal, then seek a stay for litigation of sentence review and/or

postconviction claims in state court – precisely the "piecemeal" approach so often rejected by the Supreme Court. Rhines, 544 U.S. at 277 (quoting Duncan v. Walker, 533 U.S. 167, 180 (2001)).

While a "protective" filing might be appropriate in other circumstances, here, there is no reason to doubt that Payne may file a state petition for postconviction relief to allow the trial court, and the Montana Supreme Court if necessary, to consider whether there is a reasonable probability that his conviction would have been vacated if appellate counsel had argued the application of Lambert v. California. Compare, e.g., Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court."). Further, while King "reiterate[d] the clear appropriateness of a stay when valid claims would otherwise be forfeited," that is not the case here. Provided Payne acts expeditiously, complies with the state's filing requirements, see Mont. Code Ann. §§ 46-21-101 to -21-203, and fairly presents the ineffective assistance claim, he may file a second federal petition, containing both the claims he is currently making, his ineffective assistance claim, and any others he may exhaust in state postconviction proceedings, without running afoul of the federal limitations period. There is no reason to be concerned he will "forfeit" anything.

Finally, of course, the purpose of the exhaustion requirement is to give the state courts the first opportunity to correct errors of federal constitutional dimension. If Payne truly believes such an error has occurred, it is perfectly appropriate to send him back to state court to present it there. After all, he may succeed, and then he will have no need to file in this Court.

Should Payne believe a stay is more appropriate than dismissal without prejudice, he must explain why in objections to this Findings and Recommendation. "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997), cited in Rhines, 544 U.S. at 276. This Court will recommend dismissal without prejudice.

As for a certificate of appealability, Payne has made a substantial showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), and the recommended procedural ruling might be viewed differently by reasonable jurists under King. A COA is warranted.

**Payne is warned that further litigation in any *federal* court will *not* toll the federal habeas statute of limitations.** Only a petition that is *properly filed* in *state* court will toll the federal limitations period while it remains pending. 28 U.S.C. § 2244(d)(2); Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be GRANTED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal. <u>Failure to assert legal or factual bases for objection may preclude their later assertion.</u>

Payne must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal

of his case without notice to him.

DATED this 29th day of June, 2011.

_____
Jeremiah C. Lynch
United States Magistrate Judge