IN THE UNITED STATES DISTRICT COURT

**FILED**

AUG 2 9 2011

FOR THE DISTRICT OF MONTANA

PATRICK E. DUFFY, CLERK

By_____

DEPUTY CLERK, MISSOULA

MISSOULA DIVISION

| | | |
|---|---|---|
| TYRONE EVERETT PAYNE, | ) | CV 11-42-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WARDEN MIKE MAHONEY; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Tyrone Payne applied for a writ of habeas corpus under 28 U.S.C.

§ 2254. Payne is a state prisoner proceeding pro se. United States Magistrate

Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on

June 29, 2011. He recommended dismissing Payne's petition as procedurally

defaulted because he did not cite federal authority in support of the claim on direct

appeal. July 6, 2011, Parish filed objections. Therefore, he is entitled to de novo

review of those portions of the Findings and Recommendation to which he

objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and

Recommendation not specifically objected to will be reviewed for clear error.

McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313

(9th Cir. 1981).

Payne's claim regarding the sufficiency of the evidence was not fairly presented to the State Court because Payne cited no federal law to support the argument on direct appeal. Therefore, the claim is procedurally defaulted. Responding to an order to show cause as to why the petition should not be dismissed, Payne explained that neither he nor his counsel knew about the authorities on which he now relies. Counsel's ineffectiveness may excuse a procedural default if the ineffectiveness rises to a constitutional violation. Edwards v. Carpenter, 529 U.S. 452, 451 (2000). However, principles of comity require that a claim of ineffective assistance be raised in "state court as an independent claim before it may be used to establish cause for a procedural default." Id. at 451.

Payne's petition is procedurally defaulted. Before the procedural default can be excused on the basis of ineffective assistance of counsel, Payne must raise the issue in the state court. In his objections, Payne disclaims an ineffective assistance claim. However, this neither cures the procedural default, nor does it relieve him of an obligation to first present the claim in state court before using it in federal court. None of his other objections address Judge Lynch's conclusion that the petition should be dismissed as procedurally defaulted. I find no clear

error in Judge Lynch's remaining findings and recommendation. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt # 27) are adopted in full. The Petition (dkt # 1) is DISMISSED.

The Clerk of Court is directed to close this matter and to enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is GRANTED

Dated this 29 day of August, 2011.

Donald W. Molloy, District Judge
United States District Court