IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | |
|---|---|
| TYRONE EVERETT PAYNE, | Cause No. CV 11-42-M-DWM |
| Petitioner, | |
| vs. | ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS |
| WARDEN MARTIN FRINK; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On April 23, 2013, United States Magistrate Judge Jeremiah Lynch issued Findings and Recommendation. He concluded that Tyrone Payne's petition for writ of habeas corpus under 28 U.S.C. § 2254 should be conditionally granted as to one claim and that two other claims should be dismissed with prejudice. Neither party filed objections.

Reviewing for clear error, 28 U.S.C. § 636(b); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981), I find none. Payne was convicted of failing to register as a sex offender. By soliciting testimony

1

from an officer that she was told Payne was not in compliance with his registration requirements in Connecticut, the State violated *Crawford v. Washington*, 541 U.S. 36 (2004). The constitutional violation had a substantial and injurious effect on the jury's verdict, and a new trial is the appropriate remedy. Payne's other two claims, alleging that the evidence was insufficient to support the conviction, *see Jackson v. Virginia*, 443 U.S. 307 (1979), and that the conviction was obtained in violation of *Lambert v. California*, 355 U.S. 225 (1957), are procedurally defaulted without excuse and must be dismissed with prejudice.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Payne's petition (doc. 1) is CONDITIONALLY GRANTED as to the *Crawford* claim. The *Jackson* claim and the *Lambert* claim are DISMISSED WITH PREJUDICE.

2. A certificate of appealability is DENIED as to the *Jackson* and *Lambert* claims.

3. The judgment entered in Missoula County Cause No. DC-09-174 on February 10, 2010, is VACATED.

4. Within **forty-five (45) days** of the date of this Order, the State may renew proceedings against Payne in the trial court.

5. If the State renews the proceedings, it must timely file a Notice stating that it has done so.

6. If the State does not timely file notice of the renewal of proceedings in the trial court, this Court will order Payne's unconditional release from all custody based on the vacated conviction, and he may not be retried.

7. The Clerk shall enter judgment, by separate document, in favor of Payne and against Respondents on the *Crawford* claim and against Payne and in favor of Respondents on the *Jackson* and *Lambert* claims.

DATED this 10th day of May, 2013.

---
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT